UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KODIE EUGENE NAILOR and KATY HUTTON *as next friend of J.H., minor.*,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>AMARJIT SANHU and SUN FREIGHT LOGISTICS INC.,<br><br>    *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:26-CV-1870-X |

## MEMORANDUM OPINION AND ORDER

Before the Court is the parties' Joint Motion for Remand. (Doc. 4). Because the Court has jurisdiction over this matter, the Court **DENIES** the motion.

This case was originally filed in County Court-at-Law No. 3 of Dallas County, Texas.[1] Plaintiffs Kodie Eugene Nailor and Katy Hutton's, as next friend of J.H., minor, (Nailor and Hutton) original petition sought relief between $200,000 to $1,000,000 for damages arising from a motor vehicle accident.[2] Defendants Amarjit Sanhu and Sun Freight Logistics, Inc. (collectively, "Sun Freight") removed the action on the basis of diversity jurisdiction, alleging that they are citizens of California, Nailor and Hutton are citizens of Texas, and the amount in controversy exceeds $75,000.[3]

---

[1] Doc. 1 at 1.

[2] *Id.* at 3; Doc. 4 at 1.

[3] Doc. 4 at 3.

Federal courts have an independent obligation to examine their jurisdiction.[4] And the district court's "[s]ubject matter jurisdiction can neither be conferred nor destroyed by the parties' agreement or waiver."[5]

Under 28 U.S.C. § 1332, federal diversity jurisdiction exists when the amount in controversy exceeds $75,000 and there is complete diversity. However, a plaintiff can dissolve diversity jurisdiction if he or she demonstrates to a legal certainty that the amount in controversy does not exceed $75,000 by filing a binding stipulation or affidavit stating as much.[6]

Based on the allegations before the Court, Sun Freight established federal diversity jurisdiction by alleging 1) the parties are completely diverse and 2) the amount in controversy is between $200,000–$1,000,000.[7]

As a result, absent a binding stipulation establishing that the amount in controversy does not exceed $75,000, the Court concludes that it retains subject-matter jurisdiction and the case must remain before this Court.[8] That said, this matters little at this juncture because the parties represent that they have settled this matter.[9] But given that one party is a minor and not represented by

---

[4] *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020) ("This court has a continuing obligation to assure itself of its own jurisdiction, sua sponte if necessary." (cleaned up)); *see also Perez v. Stephens*, 784 F.3d 276, 280 (5th Cir. 2015) ("It is axiomatic that [the Court] must consider the basis of [its] own jurisdiction, sua sponte if necessary." (cleaned up)); *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (cleaned up)).

[5] *Buchner v. F.D.I.C.*, 981 F.2d 816, 821 (5th Cir. 1993).

[6] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[7] Doc. 1 at 3.

[8] *Buchner*, 981 F.2d at 819.

[9] Doc. 4 at 1.

2

separate counsel, the Court will appoint a guardian ad litem in a subsequent Order to determine whether the proposed settlement is in the minor's best interest.

The Court additionally **VACATES** its Order requiring that the parties meet and confer.  (Doc. 3).

**IT IS SO ORDERED** this 1st day of July, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE